*846 OPINION".
Trussell :
The appeals involve the same issue. The petitioners claimed deductions in their returns for losses through the sale of certain corporation stock, basing their claims upon the entire amount of the original cost. The stock was acquired by purchase for cash prior to March 1, 1913. Section 202 (b) (2) of the Revenue Act of 1921 provides with respect to property acquired prior to March 1, 1913, that the basis for ascertaining the deductible loss from sale of the property is the lower of cost or fair market value on March 1, 1913. The cost of the stock to the petitioners and the amounts of the proceeds of the sales are undisputed. The sole question for decision is the value, if any, of the stock on March 1, 1913.
There is no evidence of market transactions in the stock here under consideration at any time subsequent to the purchases by the petitioners. .Nevertheless, after an analysis of all of the evidence in this case we are satisfied that there existed during 1912 and 1913 a substantial net worth of the corporation which contributed intrinsic value to the stock as of March 1, 1913, and the petitioners are entitled to loss deductions based upon a fair valuation of the net worth. We believe that at least a minimum fair market value of the stock may fairly be determined from the record. We are unable to recognize a proper basis in this case for the use of the several computations of average values in combination with book values suggested by the petitioners or for the acceptance of the full unadjusted book values.
It is true, however, that during the four fiscal years immediately preceding March 1, 1913, the corporation had enjoyed very good profits; the preferred stock had been the recipient of three semiannual dividends of 4 per cent, and a balance sheet starting with the book values at the end of the fiscal year May 31,1912, discloses, after adjustments by way of conservative allowances for uncollectible accounts and for accumulated depreciation of plant and equipment a minimum net worth, which in our opinion was at least $274,862.40. The stock then in the aggregate was worth at least $274,862.40.
Profitable operations continued for the remainder of 1912 and during 1913, and we see no reason for a conclusion that the stock was worth less on March 1, 1913, than on May 31, 1912. We conclude that the fair market value of the stock as of March 1, 1913, was $100 per share for the preferred stock and $3.80 per share for the common stock.
*847 Since the respondent has allowed no deductions whatever for the losses claimed in the taxable year, our findings are decisive of the issue. The value of the preferred stock equals cost; that of the common stock is less than cost. The deficiencies should be recomputed allowing deductions for losses based upon the values here found for the stocks as of March 1, 1918.

Judgment will be entered pursuant to Rule 50.